IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.   Case Nos.:   5:16cr13/RH/HTC
  5:18cv136/RH/HTC

TIMOTHY COFFELL

---

### **REPORT AND RECOMMENDATION**

This case is before the Court upon Timothy Coffell's amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence.[1]   ECF Doc. 89.   Since the filing of the motion, Coffell has been released from both federal and state custody.  Despite having been given the opportunity to advise the Court of his current address as well as whether he intends to prosecute this action, Coffell has taken no action.   Thus, the undersigned recommends the motion be denied without prejudice for failure to prosecute.

Upon review of the file in December of 2020, the Court noted the electronic docket reflected no activity in the case since August of 2019, when the District Court

---

[1] In the motion, Coffell raises various claims of ineffective assistance of counsel, asserts that law enforcement conducted an illegal search, and that the court should have granted his motion to discharge his court-appointed counsel.

entered an order in response to a letter from the Federal Bureau of Prisons.[2]  ECF Doc. 109.  Additionally, upon review, the Court discovered Coffell was released from state custody on August 30, 2018[3] and federal custody on July 23, 2020.[4]  Although Coffell's failure to prosecute and to keep the Court apprised of his current address, alone, warranted dismissal of his motion without prejudice, before making such a recommendation, the Court issued a Show Cause Order on December 29, 2020 directing Coffell to (1) advise the Court whether he intends to prosecute this action; (2) address whether any portions of his motion are moot; and (3) advise the Court of his new address.  Additionally, the Court noted that Coffell's release may have made one or more of his claims moot.

The order was returned as undeliverable.  ECF Doc. 112.  The clerk found a release address for Coffell on the electronic docket, and remailed the order to that address.  That address, however, corresponded to the suite previously occupied by

---

[2] The Federal Bureau of Prisons ("BOP") had invited the Court's input as to whether the BOP should retroactively designate the state facility where Coffell was serving a related state sentence for service of his federal sentence, thus making the sentences concurrent.  ECF Doc. 108.  The Court indicated that the two sentences should run concurrently.  ECF Doc. 109.
[3] http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=A51904&TypeSearch=IR
[4] https://www.bop.gov/inmateloc/

Case Nos.: 5:16cr13/RH/HTC; 5:18cv136/RH/HTC

the United States Marshall's Service in Panama City, and thus, the order has been returned, once again, as undeliverable.

The Court is unaware of any other address to send the Court's orders. Additionally, it does not appear that Coffell is regularly checking the docket, as there has been no further communication from him in response to the Court's order. Therefore, Coffell's motion should be dismissed without prejudice.

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the Court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2255 Cases.

After review of the record, the Court finds no substantial showing of the denial of a constitutional right, because the recommendation is that the motion be dismissed without prejudice.  § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the District Court deny a certificate of appealability in its final order.

Case Nos.: 5:16cr13/RH/HTC; 5:18cv136/RH/HTC

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully RECOMMENDED:

1. The amended Motion to Vacate, Set Aside or Correct Sentence (ECF Doc. 89) be denied and dismissed without prejudice.

2. A certificate of appealability be DENIED.

At Pensacola, Florida, this 2nd day of February, 2021.

s/ *Hope Thai Cannon*
Hope Thai Cannon
United States Magistrate Judge

Case Nos.: 5:16cr13/RH/HTC; 5:18cv136/RH/HTC

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 5:16cr13/RH/HTC; 5:18cv136/RH/HTC